## V. Y. ROGERS v. S. W. TAYLOR & COMPANY.

Middle Section. April 9, 1926.

No petition for Certiorari was filed.

1. **Boundaries. May be established by agreement.**
   It is well settled that parties owning adjoining lands may by agreement establish a boundary line between their lands, where there is no certain and established line known to them.

2. **Boundaries. May be established by parol agreement.**
   A parol agreement fixing the boundary line between adjoining owners is not within the statute of frauds if correct line is unknown.

3. **Boundaries. Parties estopped to question agreed line although it may be erroneous.**
   The parties will be estopped to question a boundary line established by agreement, even though it may be afterwards demonstrated that such conventional line was erroneously fixed.

4. **Boundaries. Estopped by deed poll.**
   When parties agree upon a common line and then both make deeds to other parties recognizing the line, they are estopped to dispute the line as between themselves.

5. **Boundaries. Evidence held to show an estoppel.**
   When timber company agreed with adjoining land owner on their boundary line and then conveyed to a third party to that line and later the purchaser bought the other tract of land, and both deeds were put on record, held a later purchaser of the land from the timber company was estopped to prove that the agreed line was erroneously located.

Appeal from Chancery Court, Humphreys County; Hon. J. W. Stout, Chancellor.

Affirmed.

J. R. Morris, of Waverly, for appellant.

Shannon & Tubb, of Waverly, for appellee.

FAW, P. J. This is an ejectment suit to recover a tract of land containing 14½ acres situated in the old 9th (new 3rd) Civil District of Humphreys county, Tennessee.

In addition to the prayer that the title and right to possession of said land be decreed to complainant, and that he be put in possession thereof, the complainant also prays (1) for an injunction to

stay waste, and particularly to enjoin the defendants from cutting timber on said land and from disposing of timber already cut thereon; (2) for a receiver to sell the timber already cut by defendants on said land and hold the proceeds subject to the orders of the court; (3) for an accounting of rents and profits and of damages for waste and injury, including the value of timber cut and removed by defendants, and that complainant have a decree against defendants for same; (4) for a decree declaring the claim of defendants a cloud on complainant's title and removing it as such; (5) that defendants be perpetually enjoined ''from setting up any claim to or in any manner interfering with the title and land of complainant, or doing any act whatever under and by virtue of their inferior claim to said land,'' and (6) for general relief.

The defendants S. W. Taylor and J. A. Turner, partners, doing business under the name and style of S. W. Taylor & Co., answered the bill and denied all the material averments thereof, and also pleaded an estoppel upon the complainant to attempt to set up title to the land described in the bill, by reason of certain matters stated in the answer and which will be mentioned later in this opinion.

Upon the issues thus made, proof was taken on behalf of the parties, respectively, and the chancellor thereafter heard the case upon the pleadings and proof and dismissed complainant's bill at his cost.

The facts found by the chancellor, and upon which he based his decree dismissing the bill, are stated in the final decree entered in the chancery court, which decree is as follows:

''This cause was this day heard upon the pleadings, exhibits, proof in the case and argument of counsel. It appeared to the court from all the proof that the complainant is seeking to recover a narrow strip of land within the boundaries of the defendants' lands, that the complainant had conveyed to him in 1915 by the Waverly Timber & Iron Company. It further appeared to the court that in 1896 the defendants purchased from the Waverly Timber & Iron Company a tract of land lying south of the strip claimed by the complainant, but before completing said purchase this tract was surveyed by the Waverly Timber & Iron Company through its agent present and helping make such survey and that when they came to the strip now in dispute and were surveying close to it one James Rogers, the owner of the land lying north of the Waverly Timber & Iron Company land, came to the surveying party in the woods where they were making the survey and objected to the survey being made where it was being done and claimed the lands as his own, and after some dispute and arguments between him, the said James Rogers, and the agent of the Waverly Timber & Iron Company, the said agent agreed with the said James Rogers on the south boundary line of the strip in dispute as being

the true boundary line between the said James Rogers and the said Waverly Timber & Iron Company, and thereupon this true boundary line was surveyed out and marked and established as the true boundary between the lands of the said Waverly Timber & Iron Company and the said James Rogers, and thereupon said Waverly Timber & Iron Company sold and conveyed to the defendants according to the line, and up to the line, thus surveyed and marked, and running to a stake with pointers, the southwest corner of the said James Rogers tract of land, which deed was, within a very short time after it was made, duly recorded in the Register's office of Humphreys county, Tennessee, in the year 1896. It further appeared to the court that in the year 1902 the defendants needing the lands north of their purchase from the Waverly Timber & Iron Company for an outlet, water for mill sites, and for marketing the timber off their lands aforesaid and knowing about the establishment of the boundary line between the Waverly Timber & Iron Company's land and the said James Rogers land, they bought from the heirs of James Rogers (who had died intestate in the meantime) the land lying north of their purchase from the Waverly Timber & Iron Company in 1896 and took a deed from the heirs of the said James Rogers to said land conveying to them up to the line so surveyed, marked and established in 1896 as a true boundary line between the said Rogers and the said Waverly Timber & Iron Company, and had their deed duly recorded in the Register's office of Humphreys County, Tennessee, at that time. From all of which the court is of the opinion, and so adjudges and decrees, that the said Waverly Timber & Iron Company would be estopped from claiming any lands north of the line so agreed upon, established and surveyed in 1896 by and between the said James Rogers and it, and that the complainant had constructive notice of the establishment of said line by reason of the calls in the deed from the Waverly Timber & Iron Company to the defendants and by actual knowledge of the fact that James Rogers' heirs conveyed the lands on the north side of this established boundary, and up to it, to the defendant in 1902, and that the complainant is therefore estopped from claiming any of the lands in dispute and that he seeks to recover in his bill. It is therefore ordered, adjudged and decreed that the complainant has failed to make out his case and his bill is hereby dismissed, and he and his sureties, I. H. Young, for the cost of the cause will pay the cost of the case for which execution will issue.

"To all of which action, the complainant excepts and prays an appeal to the Supreme Court at Nashville, Tennessee, which appeal the court is pleased to grant, upon complainant executing the required appeal bond, and filing the same within thirty days from the adjournment of this court."

The complainant perfected his appeal to the Supreme Court, and the case was thereafter transferred to this court pursuant to the provisions of the Act of 1925, chapter 100.

The complainant has filed assignments of error which challenge the decree of the chancery court dismissing the bill, and specifically challenge the findings of fact set forth in the decree above copied.

It is the insistence of complainant that he acquired title to the land in controversy by virtue of a warranty deed executed by the Waverly Timber & Iron Company, a Tennessee corporation, on October 22, 1915, and duly registered in the Register's office of Humphreys County on October 26, 1915, in which deed (and in complainant's bill) the disputed land is described as follows:

"A certain tract or parcel of land situated in the old 9th (new 3rd) Civil District of said county and state, on the south side of Tumbling Creek and bounded as follows, to-wit:—Beginning at a chestnut with pointers in P. J. Dunnigan's, formerly A. C. Dunnigan's, east ,boundary line and 27 poles north of Dunnigan's S. E. C., running from thence east 211 poles, to a stake, with white oak pointers on a hillside; thence south 11 poles to a stake in a hollow, Taylor and Turner's corner; thence west with Taylor and Turner's north boundary line 211 poles to a stake, 16 poles north of the southeast corner of Dunnigan's 50-acre tract; thence north 11 poles to the beginning. Containing 14½ acres."

It is seen that the tract of land which complainant seeks to recover is a quadrangle 211 poles in length from its eastern to its western boundary, and 11 poles in width from its northern to its southern boundary.

The defendants insist that they acquired title to the land in dispute by virtue of a deed executed by W. G. Simpson and others (the heirs of James Rogers, deceased) on August 1, 1902, and duly registered in the Register's office of Humphreys county on May 17, 1907. The last-mentioned deed purports to convey two tracts of land, one of which includes in its boundaries the land constituting the subject-matter of this litigation.

The record shows that on May 20, 1896, the Waverly Timber & Iron Company conveyed by deed to the defendants a large tract of land lying immediately south of and adjoining the disputed strip. One of the boundary lines of said tract coincides with the southern boundary line of the tract in controversy.

The complainant's theory is that at the time the Waverly Timber & Iron Company made the deed of May 20, 1896, to the defendants, it (the Waverly Timber & Iron Company) owned the disputed land; that the northern boundary line of the disputed strip was at that time the common boundary line between the Waverly Timber & Iron Company and James Rogers.

On the other hand, it is the theory of the defendants that, prior to the aforesaid deed of May 20, 1896, the southern boundary line of the disputed strip was the common boundary line between James Rogers and the Waverly Timber & Iron Company, and the land for which complainant is suing in this case was then owned by James Rogers.

Much of the proof in the record was directed to the issue arising out of the contending theories of the parties as above stated, but, as appears from the decree heretofore copied, the chancellor pretermitted the determination of this issue, sub silentio, and rested his decree upon the estoppel pleaded by the defendants.

The estoppel upon which the defendants relied below, and are relying in, this court, is set up and pleaded in their answer in these words, viz:

"That the Waverly Timber & Iron Company, complainant's vendor, at the time they sold and conveyed to these defendants the strip of land lying south of and adjoining the strip in dispute, to-wit: May 20, 1896, agreed with, settled, and established this, the south boundary line of the strip in dispute, as being the true line between the said Waverly Timber & Iron Company and James Rogers, the said Rogers contending that said south boundary line of said strip now in dispute as being the true line between his lands and the said lands of the said Waverly Timber & Iron Company; and in the deed made to these defendants by the said Waverly Timber & Iron Company conveyed to these defendants said lands, and called for in said deed the said James Rogers' said line as agreed upon and established by and between the said James Rogers and the said Waverly Timber & Iron Company, and this settlement and adjustment of said dispute as to said true line being well known to the defendants and being made a record by the registration of their deed soon after it was made, and knowing all these facts and depending thereon, these defendants in August, 1902, purchased and had conveyed to them from the heirs of James Rogers (he in the meantime having died) all the lands lying north of the south boundary line of the lands in dispute, and calling to and for the said south boundary line of said lands in dispute. In view of these facts the Waverly Timber & Iron Company would be estopped from claiming any lands north of the south boundary line of the tract in dispute, and the fact of the deeds aforesaid being of record in the Register's office of Humphreys county, Tennessee, long before complainant's attempted purchase of said tract in dispute giving them constructive notice of said adjustment and settlement of said matters, the complainants are likewise estopped from asserting any rights or pretended claims under their said deed; and this doctrine of estoppel is here pleaded and relied upon as a defense against the complainant's suit."

The proof fully sustains the finding of the chancellor with respect to the agreement between James Rogers and the Waverly Timber & Iron Company in 1896, by which agreement they undertook to fix and establish, as the true boundary between their respective tracts of land, a line which coincides with the southern boundary line of the land in controversy in this case.

It is further apparent, and we find, that there was at that time doubt and uncertainty as to the true location on the ground of the boundary line between James Rogers and the Waverly Timber & Iron Company, and that the then existing conditions and circumstances touching the location of said line were such as were reasonably calculated to engender such doubt and uncertainty.

It is well settled that parties owning adjoining lands may by agreement establish a boundary line between their lands, where there is no certain and established line known to them. King v. Mabry, 3 Lea, 237, 245; Galbraith v. Lunsford, 87 Tenn., 88, 99; Davis v. Jones, 3 Head, 602, 606; Nichol v. Lytle, 4 Yerg, 456, 458; Merriwether v. Larmon, 3 Sneed, 447, 453; 10 R. C. L., p. 799.

And under such circumstances, a parol agreement fixing the boundary line between adjoining owners is not within the statute of frauds. Galbraith v. Lunsford, supra, p. 98; Houston v. Matthews, 1 Yerg., 116; 4 R. C. L., p. 126.

And the parties will be estopped to question the line thus established, even though it may be afterwards demonstrated that such conventional line was erroneously fixed. Galbraith v. Lunsford, supra, pp. 98-99; Chadwell v. Chadwell, 93 Tenn., 201, 207; Spears v. Walker, 1 Head, 166, 168-9; Houston v. Matthews, supra, p. 119; 10 R. C. L., p. 799.

In the case of Houston v. Matthews, supra (at pages 119-120), it is said: "Another circumstance is, if the parties sell and convey lands by deed on either side of the line, calling for it as their common boundary, and making the lands passed by them to bound upon it, this is the most undeniable circumstance that can happen, upon which to raise the presumption, for a proper estoppel is, where both parties speak in a deed of indenture, which binds and estops both parties equally. Yet there is also another estoppel of one party only, where he makes a deed poll. When both parties, by deeds not between each other, but themselves and third persons, have made deeds, which if made between each other would have been estoppels, they are now with respect to each other, deeds poll estopping the maker, and when that estoppel rests upon both, it is, in principle, equivalent to an estoppel by deed of indenture made between both."

The Waverly Timber & Iron Company, in effect, confirmed the agreement made between its agent (Jacobs) and James Rogers in 1896 by a deed duly executed on May 20, 1896, wherein the beginning corner and the first two calls in the boundary lines of a tract

of 426 acres thereby conveyed are as follows: "Beginning at a chestnut J. M. McMackin's southwest corner, thence south 85 poles to a stake with pointers; thence west 211 poles to a stake, James Rogers southwest corner."

The deed last-mentioned was duly registered in the Register's office of Humphreys county on October 13, 1896, and it afforded at least constructive notice to complainant and all other persons that the Waverly Timber & Iron Company recognized the line which now constitutes the south boundary line of the land in dispute as the dividing line between its lands and the lands to the north then belonging to James Rogers.

In 1902, the heirs of James Rogers sold and conveyed by deed to the defendants the lands lying immediately north of the last-mentioned line and including all of the land in dispute. This later deed was registered in the Register's office of Humphreys county in 1907. Complainant had not only constructive notice but actual knowledge of this later conveyance before he negotiated with the Waverly Timber & Iron Company for the purchase of the land in dispute.

We think it clear that the Waverly Timber & Iron Company would have been estopped to question the conventional boundary line established in the manner before stated; and the complainant, as the subsequent grantee of the Waverly Timber & Iron Company, with actual or constructive notice of the facts which worked such estoppel against his grantor, is likewise estopped. 10 R. C. L., p. 839, par. 144.

It results that the complainant's assignments of error are overruled, and the decree of the chancery court is affirmed. The complainant and the surety on his appeal bond will pay the costs of the appeal.

Crownover and DeWitt, JJ., concur.